IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AMBER MAREE CANTER,  Plaintiff, | * * * * | |
| v. | * * | Case No. GJH-17-908 |
| J. MICHAEL ZEIGLER, et al.,  Defendants. | * * * * * * | |

## MOTION OF PLAINTIFF AMBER MAREE CANTER TO COMPEL DISCOVERY FROM DEFENDANT DR. SHARON BAUCOM AND THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES ("DPSCS")

Plaintiff, Amber Maree Canter ("Plaintiff" or "Ms. Canter"), by and through her undersigned counsel, moves to compel discovery pursuant to validly issued subpoenas served on Defendant Dr. Sharon Baucom, and counsel for the Department of Public Safety and Correctional Services ("DPSCS"), and, in support thereof, states as follows:

1. On August 20, 2021, Ms. Canter served subpoenas *duces tecum* on counsel for the DPSCS, and Defendant Dr. Sharon Baucom. Those subpoenas are attached hereto as **Exhibits 1 and 2**, respectively. The subpoenas compelled the production of documents, including e-mail correspondence, at the hearing scheduled for September 3, 2021.

2. DPSCS and Dr. Baucom made only a very limited production at the hearing. No e-mails were produced in response to the subpoenas at the hearing. Thus, Ms. Canter did not have an opportunity to examine Dr. Baucom as to her e-mail communications.

3. At the hearing on September 3, 2021, Dr. Baucom admitted that she possessed e-mails responsive to the subpoena directed to her, despite the fact that no such e-mails were produced to Ms. Canter.

4. On September 13, 2021, ten days after the compliance date for the subpoena – and, of course, ten days after the hearing at which such e-mails may have been introduced into evidence – DPSCS and Dr. Baucom produced a series of e-mails, after business hours.

5. The production included 146 pages of e-mail, including over 30 e-mail strings dated between July 15, 2021, and September 2, 2021, on which Dr. Baucom was either a sender or recipient. Nevertheless, the production is still incomplete.

6. The production demonstrated counsel for DPSCS did not do his due diligence as it related to conducting the requisite email searches to locate documents responsive to the subpoena. All emails produced on behalf of DPSCS are from, or to, Damon Pace – counsel for DPSCS. Counsel either did not search, or has chosen not to produce, emails from other custodians which, without exception, are responsive to Ms. Canter's document requests.

7. Moreover, attachments to e-mails were not produced, and certain e-mails requested by the subpoena still have not been produced, including responses to e-mails that were produced and e-mails that predate July 15, 2021.

8. Furthermore, the production showed that Dr. Baucom has withheld, and continues to withhold, responsive documents. On July 23, 2021, in response to Ms. Canter's Motion for a Preliminary Injunction, Dr. Baucom, DPSCS, and the other Defendants represented to this Court that Ms. Canter would be referred to "Dr. Arthur Burnett of the Johns Hopkins Hospital within the first two weeks of August 2021, for: 'the purposes of (1) consultation regarding complaints of testicular pain and/or of a cyst, and (2) a discussion regarding gender confirmation surgery.'" ECF 103. Dr. Baucom also submitted a Declaration to this Court on July 25, 2021, stating the same. ECF 104-1 (footnote omitted), a copy of which is attached as **Exhibit 3**. Defendants and DPSCS have failed to produce the referral.

9. Despite Dr. Baucom's contention – which she later restated under oath – as to the scope of Ms. Canter's appointment, Ms. Canter was told by medical personnel at the Maryland Correctional Institution-Jessup ("MCI-J") on July 23, 2021, that her appointment with Dr. Burnett would be more limited in terms of scope, and that Dr. Burnett would not be instructed to discuss gender confirming surgery with her.

10. Due to Ms. Canter and Dr. Baucom's conflicting narratives regarding the scope the appointment, this Court, via teleconference on July 28, 2021, directed counsel for DPSCS and Defendants to advise the Court in writing no later than July 30, 2021, as to whether any restrictions had been placed on Dr. Burnett.

11. On the same day as the teleconference, Dr. Baucom sent an email noting that the referral to Dr. Burnett was "*incomplete and not even referencing what the court asked us to do*." Counsel for Defendants and DPSCS was among the recipients of the e-mail, a copy of which is **Exhibit 4**.

12. Despite the fact that Dr. Baucom knew the referral to Dr. Burnett was "*incomplete and not even referencing what the court asked us to do,*" she submitted a carefully worded Declaration on July 30, 2021, that appeared to respond to the Court's inquiry as to whether any restrictions had been placed on Dr. Burnett. Dr. Baucom represented to this Court:

> 6. At no time did *I restrict* the scope of Ms. Canter's appointment with Dr. Burnett *or instruct anyone else to do so.*
>
> \*   \*   \*
>
> 8. To reiterate, I have ordered and arranged for Ms. Canter to be seen by Dr. Burnett at the Johns Hopkins University Hospital to address her concerns of 1) testicular pain and/or a cyst, and 2) a discussion regarding gender confirmation surgery. There are not restrictions concerning this appointment."

(ECF 108) (emphasis supplied), a copy of which is attached as **Exhibit 5**.

13. On August 28, 2021, just days before the scheduled hearing, Dr. Baucom sent an e-mail to, among others, counsel for Defendants and DPSCS, stating "I sent you an e-mail confirming *the corrected referral was never sent and the urologist referral only referenced the testicular complaint not bottom surgery* . . . ." See E-mail dated August 28, 2021, attached as **Exhibit 6**.

14. Although serving a validly issued subpoena – to which neither DPSCS or Dr. Baucom objected – entitled Ms. Canter to a full and complete, and responsive, document production, Dr. Baucom and DPSCS have given Ms. Canter nothing but cherry-picked responsive documents and good reason to believe there are more relevant documents in response to her subpoena. Dr. Baucum's dishonesty as it relates to the scope of Ms. Canter's appointment, and counsel for DPSCS's limited search for documents, inject nothing but doubt into the validity of this limited production from September 13, 2021.

15. Ms. Canter is entitled to *all* documents requested by the subpoenas she served on both DPSCS and Defendant Dr. Baucom on August 20, 2021 – over two months ago.

16. The parties have attempted to resolve this discovery dispute, but have been unable to do so.

WHEREFORE, Plaintiff, Amber Maree Canter, respectfully requests the following relief:

1. That Defendant Sharon P. Baucom and DPSCS be required to produce all documents responsive to the subpoenas served thereupon within fifteen (15) days of the Court's Order; and

2. That Plaintiff, Amber Maree Canter, be granted such other and further relief as is just and equitable.

Dated: November 7, 2021                                     Respectfully submitted,

/s/ Timothy F. McCormack
Timothy F. McCormack
Fed. Bar No.: 03565
Michelle M. McGeogh
Fed. Bar No.: 28778

BALLARD SPAHR LLP
300 East Lombard Street, 18th Floor
Baltimore, MD 21202
Tel: 410-528-5600
Email: mccormack@ballardspahr.com
Email: mcgeogh@ballardspahr.com

*Counsel for Plaintiff Amber Maree Canter*

## CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 104(7)

Pursuant to Local Rule 104(8)(a), Plaintiff Amber Maree Canter served her Motion to Compel Discovery from Defendant Dr. Sharon Baucom and the Department of Public Safety and Correctional Services ("DPSCS") on November 1, 2021. Pursuant to Local Rule 104(8)(a) any memorandum in opposition to the motion was required to be served upon Plaintiff within 14 days thereafter, or on or before November 15, 2021. Dr. Baucom and DPSCS have not served a memorandum in opposition to the Motion to Compel. The motion is, therefore, unopposed. On December 2, 2021, counsel for Plaintiff, Dr. Baucom, and DPSCS met and conferred regarding the Motion to Compel Discovery and agreed to resolve the Motion to Compel Discovery by way of a Stipulation and Order Resolving Motion of Plaintiff to Compel Discovery from Defendant Dr. Sharon Baucom and the Department of Public Safety and Correctional Services filed contemporaneously herewith.

*/s/ Timothy F. McCormack*
Timothy F. McCormack

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November 2021, a true and correct copy of the foregoing was sent by e-mail, first class mail, postage prepaid and e-mail to:

>Damon A Pace, Esquire
>Stephanie Lane-Weber, Esquire
>Ari Kodek, Esquire
>Maryland Office of the Attorney General
>210 St. Paul Place
>19th Fl.
>Baltimore, MD 21202
>
>*Attorney for Respondents*

/s/
Timothy F. McCormack