IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMBER MAREE CANTER, | * |
| Plaintiff, | * |
| v. | * Case No. 17-cv-0908 (GJH) |
| J. MICHAEL ZEIGLER, *et al.*, | * |
| Defendants. | * |

## PLAINTIFF'S STATUS REPORT REGARDING DISCOVERY

On April 20, 2022, the Court ordered the State (referring to both the State Defendants and non-party Department of Public Safety and Correctional Services ("DPSCS")) to produce "the outstanding discovery responses to the subpoena referenced in the April 8, 2022, Joint Status Report (ECF No. 177), as well as its outstanding and overdue responses to Plaintiff's written discovery requests, by **May 20, 2022**." (ECF No. 179). Plaintiff, Amber Maree Canter ("Plaintiff"), by her counsel, sought the consent of Defendants to a joint statement and delivered the text of this statement to counsel for Defendants on March 26, 2022. As of 12:30 p.m., counsel for Defendants stated that they "have not finished reviewing it, so we do not have anything to offer at this moment." Counsel for Defendants further stated that counsel for Plaintiff should proceed to file Plaintiff's report without Defendants' input. Plaintiff hereby submits that the following discovery remains outstanding.

A. **THE DPSCS SUBPOENA**

On October 20, 2021, Plaintiff served a subpoena *duces tecum* (the "Subpoena") on the Custodian of Records of DPSCS, seeking documents relevant to her claims.[1] A copy of the subpoena is attached hereto as **Exhibit A**. Following DPSCS's failure to produce *any* responsive documents, the parties resolved the dispute pursuant to a Stipulation that was later entered as an order of the Court on December 17, 2021 (ECF No. 153). Pursuant to that Order, DPSCS was to **complete** its production by **December 22, 2021**. DPSCS failed to do so and Plaintiff was forced to file the subject Motion to Show Cause (ECF No. 155). DPSCS opposed (ECF 159), acknowledging its failure to produce any documents, e-mails and ESI as agreed. As a result, Plaintiff's reply (ECF No. 160) requested the imposition of sanctions of no less than $500 for each day they have been in violation of the order, and requested attorney's fees.

On February 16, 2022, the Court held a discovery conference due to the State's failure to abide by the Court's Order (ECF No. 153). The Court stated that the Motion to Show Cause and for Sanctions would be held open for an additional (3) weeks, DPSCS was directed to file a status report at the end of that period, after which time the Court would assess whether sanctions were appropriate. In its Status Report filed March 9, 2022, DPSCS acknowledged that it had not yet produced ESI for the requested custodians, as agreed, and merely indicated its "goal" to produce documents as "quickly as possible." ECF No. 168.

Pursuant to the Court's April 20, 2022 Order (ECF No. 179), DPSCS produced documents on May 19, 2022. DPSCS' production, however, is incomplete. Plaintiff continues to review and assess the completeness of Defendants' production. Plaintiff reserves the right to

---

[1] DPSCS objected to eight (8) of the 26 categories of documents, and then moved to quash only six (6) of those eight (8) categories (ECF No. 141). Notably, DPSCS waived its objections to Plaintiff's subpoena by failing to timely respond. Plaintiff opposed the Motion to Quash (ECF 143), and the Court denied DPSCS's Motion to Quash on March 31, 2022 (ECF No. 174).

raise additional deficiencies in the future. Of Plaintiff's 26 document requests, DPSCS failed to produce documents responsive to the following eight (8) requests:

1. **Request No. 4**: All minutes of the Mental Health Committee during the Relevant Time Period.

    a. Plaintiff has been unable to locate any meeting minutes from the Mental Health Committee. DPSCS did not object to producing these documents, and this request remains outstanding.

2. **Request No. 12**: Your contracts for services rendered to inmates by Corizon, and any other medical or mental health care provider, and all documents related thereto, including complete schedules of all medical services, medical procedures, treatments, and medications (including quantities) that are or are not covered under the contracts.

    a. DPSCS never objected to this request and purportedly produced documents related to its relationship with Corizon. However, Plaintiff is unable to determine whether the production was sufficient, as they are not able to be viewed. DPSCS produced a number of documents with image placeholders and not the native zip files, including documents containing "Corizon" in the title. On May 12, 2022, undersigned counsel notified DPSCS of this deficiency, and provided a sample document, and a list of zip files at issue. *See* Ex. B. These documents have not been produced in a viewable format despite the specific request on May 12, and this request is still outstanding.

3. **Request No. 13**: Documents sufficient to show the medications and treatments available or not available to transgender individuals that are covered under your contracts with Corizon or any other medical care provider.

    a. DPSCS never objected to this request and purportedly produced documents related to its relationship with Corizon. However, Plaintiff is unable to determine whether the production was sufficient, as they are not able to be viewed. DPSCS produced a number of documents with image placeholders and not the native zip files, including documents containing "Corizon" in the title. On May 12, 2022, undersigned counsel notified DPSCS of this deficiency, and provided a sample document, and a list of zip files at issue. *See* Ex. B. These documents have not been produced in a viewable format, and this request is still outstanding.

4. **Request No. 14**: Documents sufficient to show whether gender-affirming surgery, including orchiectomy (i.e., bottom surgery), is a covered procedure under your contracts with Corizon or any other medical care provider.

      a. DPSCS never objected to this request and purportedly produced documents related to its relationship with Corizon. However, Plaintiff is unable to determine whether the production was sufficient, as they are not able to be viewed. DPSCS produced a number of documents with image placeholders and not the native zip files, including documents containing "Corizon" in the title. On May 12, 2022, undersigned counsel notified DPSCS of this deficiency, and provided a sample document, and a list of zip files at issue. *See* Ex. B. These documents have not been produced in a viewable format, and this request is still outstanding.

5. **Request No. 17**: All documents, including video, referring or relating to the discharge, suspension, or discipline of Correctional Officer Donovan related to his posting a video of Plaintiff on social media on or around September 3, 2021.[2]

      a. DPSCS never objected to this request and has failed to produce any responsive documents or videos relating to Officer Donovan. This request remains outstanding.

6. **Request No. 19**: All documents responsive to Plaintiff's list of search terms as applied to the list of identified custodians and non-custodial sources.

      a. DPSCS has failed to produce responsive documents from the following agreed-upon custodians: Richard Graham (a named Defendant and WCI Warden), Charlotte Zies (Case Management Specialist), Brenda Reese (Former Medical Director of WCI), and Kamala Hall (Member of the Regional Dysphoria Committee).
      b. The Subpoena additionally required DPSCS to identify certain custodians, including people with knowledge of the events described in the Complaint and any other DPSCS member of the Gender Dysphoria Committee (not already on the list). The Subpoena also required DPSCS to search for, and produce records from, non-custodial sources, including documents from the Regional Gender Dysphoria Committee, the Mental Health Review Team, the NBCI and WCI Psychology Departments, the NBCI Housing Unit #1 Treatment Team, as well as the records of any other treatment team, committee or department involved in Plaintiff's medical or mental health care.
      c. On May 12, 2022, undersigned counsel for Plaintiff notified counsel of these deficiencies and reminded counsel of their non-custodial obligations under the Subpoena. *See* Ex. B. On May 19, 2022, counsel for DPSCS acknowledged that it had not produced ESI/e-mails for Zeis and Graham, but was (a day before the Court ordered deadline) still "working

---

[2] This request results from the fact that on her return to prison (following the Evidentiary Hearing held on September 3, 2021), a correctional officer named "Donovan" taunted Plaintiff due to her transgender status and in retaliation for exercising her rights to bring her claims in court. Plaintiff believes Donovan posted videos of her on social media. It is unclear whether this incident was investigated and whether Donovan was reprimanded for the behavior.

with Nextpoint to produce" those documents. *See* **Exhibit C**, May 19, 2022, E-mail correspondence from A. Kodeck to M. McGeogh.[3]

7. **Request No. 25**: All documents relating or referring to any Internal Investigations Unit investigation relating to Amber Canter.
   a. While DPSCS initially objected to this request, it indicated it would produce responsive documents from January 1, 2016 – Present. However, DPSCS' Motion to Quash was denied (ECF No. 174), and the applicable time period provided in the Subpoena was April 1, 2014 through the date of service. *See* Ex. A, Instructions ¶ 15. Regardless, Plaintiff has been unable to locate any IIU investigations relating to Amber Canter produced in this case.

8. **Request No. 26**: All documents relating or referring to any Internal Investigations Unit investigation involving any Defendant in this Action.

   a. While DPSCS initially objected to this request, it indicated it would produce responsive documents from January 1, 2016 – Present. However, DPSCS' Motion to Quash was denied (ECF No. 174), and the applicable time period provided in the Subpoena was April 1, 2014 through the date of service. *See* Ex. A, Instructions ¶ 15. Regardless, DPSCS has failed to produce IIU investigations relating to Amber Canter or the Defendants.

As noted above, DPSCS produced a significant number of documents that Plaintiff is unable to view as they were produced as image placeholders without the native zip files, rendering them useless to Plaintiff. Undersigned counsel for Plaintiff provided a sample document and list of zip files at issue to counsel for DPSCS on May 12, 2022. *See* Ex. B. These documents remain unable to be viewed. DPSCS also has failed to produce the previously requested litigation hold letter, and has not yet produced a privilege log to date. Plaintiff continues to assess the completeness of DPSCS' production.

---

[3] With respect to Reese and Hall, it is DPSCS' position that it will not produce documents responsive to these agreed-upon custodians because "Brenda Reese is not a DPSCS employee and had no emails under @maryland.gov," and "Ms. Hall also had no responsive emails under @maryland.gov address." *See* Ex. C. Plaintiff did not receive a response regarding DPSCS' obligations with respect to non-custodial sources.

B. **PLAINTIFF'S INTERROGATORIES**

Defendants' responses to Plaintiff's interrogatories remain outstanding because some have not been received at all, are blatantly deficient, are non-compliant with the Federal Rules of Civil Procedure, and lodge baseless objections which have been waived by Defendants' failure to timely respond.

1. **Sharon Baucom:**
    a. On February 22, 2022, Plaintiff served the First Set of Interrogatories on Sharon Baucom. Defendant Baucom served her response on March 25, 2022, which was replete with deficiencies. For example, Defendant Baucom objected to Plaintiff's Interrogatory Number 8, which requested that she identify and describe policies related to gender affirming care for persons incarcerated with DPSCS. Defendant Baucom provided that the interrogatory was "not relevant to the claims or defenses in the case and was not proportional to the needs of the case." As a result of these deficiencies, Plaintiff served a detailed deficiency letter on March 28, 2022, requesting a response by April 6, 2022. A copy of this letter is attached hereto as **Exhibit D.** Plaintiff has not received a response to date.

2. **Lauren Beitzel:**
    a. On February 9, 2022, Plaintiff served the First Set of Interrogatories on Lauren Beitzel. Forty-four days later, Defendant Beitzel served her response, which was also replete with deficiencies. For example, Defendant Beitzel provided a blank and incomplete answer to Interrogatory Number 11, which requested that she state the factual basis for each and every defense asserted in her Answer. As a result of these deficiencies, Plaintiff served a detailed deficiency letter on April 12, 2022, requesting a response by April 15, 2022. A copy of this letter is attached hereto as **Exhibit E.** Plaintiff has not received a response to date.

3. **Bruce Liller:**
    a. On February 10, 2022 (106 days ago), Plaintiff served the First Set of Interrogatories on Bruce Liller. Defendant Liller has failed to respond and this request remains outstanding. A day before the Court-ordered deadline, Defendants acknowledged they had not produced their response. *See* Ex. C.

4. **C.O. Thompson:**
   a. On February 9, 2022 (107 days ago), Plaintiff served the First Set of Interrogatories on C.O. Thompson. Defendant Thompson has failed to respond and these interrogatories.

5. **Harry Murphy:**
   a. On February 10, 2022, Plaintiff served the First Set of Interrogatories on Harry Murphy. Defendant Murphy served his untimely responses and objections on March 25, 2022, which were consequently waived. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 33(b)(5), which requires that "the attorney who objects must sign any objections." This issue was raised to the State's counsel's attention, but it has not been addressed.

6. **Randall Nero:**
   a. On February 10, 2022, Plaintiff served the First Set of Interrogatories on Randall Nero. Defendant Nero served his untimely responses and objections on April 7, 2022, which were consequently waived. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 33(b)(5), which requires that "the attorney who objects must sign any objections." This issue was raised to the State's counsel's attention, but it has not been addressed.

7. **J. Michael Zeigler:**
   a. On February 10, 2022, Plaintiff served the First Set of Interrogatories on J. Michael Ziegler. Defendant Ziegler served his untimely responses and objections on April 5, 2022, which were consequently waived. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 33(b)(5), which requires that "the attorney who objects must sign any objections." This issue was raised to the State's counsel's attention, but it has not been addressed.

8. **Richard Graham:**
   a. On February 9, 2022, Plaintiff served the First Set of Interrogatories on Richard Graham. Defendant Graham served his untimely responses and objections on May 19, 2022 (99 days later), which were consequently waived. Defendant Graham additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain Interrogatories. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Interrogatories, ¶ 15, identifies the relevant time period as April 1, 2014 – date of service. The responses were noncompliant with Federal Rule of Civil Procedure 33(b)(5), which requires that "the attorney who objects must sign any objections." Additionally, Defendant Graham provided deficient answers in response to Plaintiff's interrogatories. For example, Interrogatory Number 1 requested that Defendant Graham identify all persons likely to have

Case 8:17-cv-00908-JKB   Document 182   Filed 05/27/22   Page 8 of 12

personal knowledge of any party's claim or defense and state the subject matter and brief description of such knowledge. In his response, Defendant Graham provided that he "*supposes* **that any person named in the complaint, any medical provider that treated Plaintiff over the course of her various incarcerations may have personal information.**" (emphasis added) Clearly, Defendant Graham failed to provide at a minimum, the names of individuals in response to this interrogatory.

### C. **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff raises the foregoing discovery issues regarding Defendants' failure to respond to Plaintiff's Requests for Production. Plaintiff continues to review and assess the completeness of Defendants' production. Plaintiff reserves the right to raise additional deficiencies in the future.

1. **Sharon Baucom:**
    a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Sharon Baucom. To date, Defendant Baucom has failed to provide a written response.

2. **Correctional Officer Barnes:**
    a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Correctional Officer Barnes. To date, Defendant Barnes has failed to provide a written response.

3. **J. Michael Ziegler:**
    a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on J. Michael Ziegler. To date, Defendant Ziegler has failed to provide a written response.

4. **Ronald Weber:**
    a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Ronald Weber. To date, Defendant Weber has failed to provide a written response.

5. **Correctional Officer Thompson:**
    a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Correctional Officer Thompson. To date, Defendant Thompson has failed to provide a written response.

6. **Harry Murphy:**
   a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Harry Murphy. On May 19, 2022, Defendants admitted that they had not produced their response. *See* Ex. C. To date, Defendant Murphy has failed to provide a written response.

7. **Bruce Liller:**
   a. On February 22, 2022 (94 days ago), Plaintiff served her Request for Production of Documents on Bruce Liller. On May 19, 2022, Defendants admitted that they had not produced their response *See* Ex. C. To date, Defendant Liller has failed to provide a written response.

8. **David Bittinger:**
   a. On February 22, 2022, Plaintiff served her Request for Production of Documents on David Bittinger. On May 19, 2022 (99 days later), Defendant Bittinger produced his untimely objections and responses. Defendant Bittinger additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

9. **Lauren Beitzel:**
   a. On February 22, 2022, Plaintiff served her Request for Production of Documents on Lauren Beitzel. On May 19, 2022 (99 days later), Defendant Beitzel produced untimely objections and responses. Defendant Beitzel additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

10. **Richard Graham:**
    a. On February 22, 2022, Plaintiff served her Request for Production of Documents on Richard Graham. On May 19, 2022 (99 days later), Defendant Graham produced untimely objections and responses. Defendant Graham additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the

fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

11. **Jeffrey Nines:**
    a. On February 22, 2022, Plaintiff served her Request for Production of Documents on Jeffrey Nines. On May 19, 2022 (99 days later), Defendant Nines produced untimely objections and responses. Defendant Nines additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

12. **Randall S. Nero:**
    a. On February 22, 2022, Plaintiff served her Request for Production of Documents on Randall Nero. On May 19, 2022 (99 days later), Defendant Nero produced untimely objections and responses. Defendant Nero additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

13. **Correctional Officer Faust:**
    a. On February 22, 2022, Plaintiff served her Request for Production of Documents on Correctional Officer Faust. On May 19, 2022 (99 days later), Defendant Faust produced untimely objections and responses. Defendant Faust additionally lodged untimely objections alleging that Plaintiff failed to provide a timeframe for certain responses. Despite the fact that this objection was waived, a simple review of the Instructions to Plaintiff's Request for Production of Documents, ¶ 15, identifies the relevant time period as April 1, 2014 through the date of service of the document requests. Most significantly, the responses were noncompliant

with Federal Rule of Civil Procedure 26(g) which requires, that "[E]very discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name..."

**14.    ESI Order**
   a. On February 17, 2022, the Court entered an Order Regarding Discovery of Electronically Stored Information and Other Information (ECF No. 166). Counsel for Defendants produced a single PDF of 247 pages, which was not in compliance with the Court's Order as it was produced without metadata. Counsel for Defendants has yet to reproduce these responsive documents in accordance with the ESI Order, despite reminders from Plaintiff's counsel. *See* Ex. B.[4]

Subject to the aforementioned deficiencies, Plaintiff continues to review Defendants' production in order to assess the responsiveness of documents produced to date.

Respectfully submitted,

Dated: May 27, 2022                 */s/ Timothy F. McCormack*
                                                        Timothy F. McCormack
                                                        Fed. Bar No.: 03565
                                                        Michelle M. McGeogh
                                                        Fed. Bar No.: 28778
                                                        BALLARD SPAHR LLP
                                                        300 E. Lombard Street, 18th Floor
                                                        Baltimore, Maryland  21202
                                                        (410) 528-5600
                                                        mccormackt@ballardspahr.com
                                                        mcgeoghm@ballardspahr.com

                                                        *Attorneys for Plaintiff Amber Maree Canter*

---

[4] "Finally, I do not believe you have reproduced the 247 page PDF that you assembled, which caused the metadata from the documents included in the assembled PDF to be erased. Please be sure to produce all responsive documents in accordance with the protocol, including all metadata."

## CERTIFICATE OF SERVICE

The undersigned hereby declares that on the 27th day of May, 2022, a true and accurate copy of the foregoing was served via the court's Electronic Case Filing system on:

>Damon Pace, Esq.
>Assistant Attorney General
>St. Paul Plaza – 19th Floor
>200 St. Paul Place
>Baltimore, Maryland 21202
>
>*Attorney for State Defendants*

                    */s/ Timothy F. McCormack*
                    Timothy F. McCormack