IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMBER MAREE CANTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. GJH-17-908 |
| J. MICHAEL ZEIGLER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Discovery Sanctions (ECF No. 191) filed by Plaintiff Amber Canter.[1] Having considered the submissions of the parties (ECF Nos. 191, 195 & 197), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

**I.  Background**

In this case, Plaintiff Amber Maree Canter, a transgender woman incarcerated at a Maryland state prison, has sued prison medical and supervisory staff for violating her constitutional rights. *See* ECF No. 71. The Court has summarized Plaintiff's allegations and the procedural history of this case. ECF No. 69; *Canter v. Mamboob*, No. GJH-17-908, 2020 WL 1331894 (D. Md. March 23, 2020). A scheduling order was entered on June 29, 2021. ECF No. 98. Under the governing schedule (ECF No. 200), discovery is set to close on June 16, 2023.

Discovery has been contentious. On October 20, 2021, Plaintiff served a subpoena duces tecum on the Custodian of Records for the Maryland Department of Public Safety and Correctional

---

[1] Judge Hazel referred this case to me for all discovery matters. ECF No. 175.

Services ("DPSCS"). ECF No. 191-3. DPSCS moved to quash the subpoena (ECF No. 141) as to certain categories of documents, but did not otherwise timely respond to the subpoena. *See* ECF No. 191-1 at 4. While the motion to quash was pending, the parties conferred and reached an agreement for DPSCS to produce documents responsive to the subpoena on a rolling basis, with the production to be completed by December 22, 2021. *Id.* at 5. This agreement was approved by the Court and docketed as a "Stipulation and Order Regarding Discovery Subpoena to the Department of Public Safety and Correctional Services" (ECF No. 153). DPSCS did not complete its production by December 22, 2021, as the Stipulation and Order required. *See* ECF No. 191-1 at 5.

Because DPSCS did not live up to its agreement to respond to the subpoena, and in light of DPSCS's apparent violation of the Stipulation and Order, Plaintiff moved for an order directing DPSCS to show cause why it should not be held in contempt for failing to produce a complete response to the subpoena. ECF No. 155. Plaintiff filed another motion to show cause, this time directed at both DPSCS and Defendant Sharon Baucom, on February 10, 2022. ECF No. 162. Judge Hazel convened a discovery conference on February 16, 2022, to address DPSCS's alleged failure to produce complete responses to the subpoena. *See* ECF No. 168. During the conference, the Court directed DPSCS's counsel to file a status report within three weeks addressing the status of the production of documents. *Id.* In its status report dated March 9, 2022, DPSCS stated that it had not yet completed its production but that it had an "overarching goal" to produce the documents "as quickly as possible." *Id.*

On April 1, 2022, Judge Hazel referred this case to me for all discovery matters. ECF No. 175. The same day, I entered a letter order directing the parties to summarize all discovery disputes pending at the time. ECF No. 176. In response to this order, the parties filed a joint status report

(ECF No. 177), which stated that the chief pending discovery dispute concerned DPSCS's failure to comply the subpoena and the Court's order requiring DPSCS to complete its discovery production by December 22, 2021. The status report also noted that some Defendants had failed to respond to interrogatories and document production requests. *Id.*

I convened a telephone conference regarding discovery on April 20, 2022, and confirmed the results of this conference in a written order. ECF Nos. 178 & 179. In pertinent part, the order stated:

> 1. The State (referring to both the State Defendants and non-party DPSCS) agrees that it is capable of producing the outstanding discovery responses to the subpoena referenced in the April 8, 2022, Joint Status Report (ECF No. 177), as well as its outstanding and overdue responses to Plaintiff's written discovery requests, by **May 20, 2022**. The State is **ORDERED** to do so.
>
> 2. Plaintiff raised concerns that the State has previously failed to honor its agreements to produce discovery by set deadlines, even when the Court has ordered to the State to do so. Because Plaintiff's concerns are warranted, the Court warns the State that failure to comply with this Order compelling the production of discovery by May 20, 2022, will result in serious sanctions. Specifically, if the State fails to comply with this Order, the Court intends to recommend that Judge Hazel enter **default judgment** as to liability against the State Defendants, pursuant to Rule 37 and the inherent authority of the Court.
>
> 3. The parties shall file a joint status report by May 27, 2022. The status report shall indicate whether the State produced the outstanding discovery by May 20, 2022, and whether the Court's assistance is needed with regard to any other discovery disputes. After the May 27 status report is filed, the parties may continue to bring any other discovery disputes to the Court's attention using the procedure set forth in the Court's Letter Order dated April 1, 2022 (ECF No. 176).

ECF No. 179.

Ignoring the Court's instruction, the parties filed separate status reports on May 27, 2022. ECF Nos. 182 & 183. Plaintiff reported that while some discovery production had been made, it appeared to be insufficient, and her counsel was still going through the production. ECF No. 182. The State reported that it had "overwhelmingly produced the outstanding discovery" and that only

discovery from two Defendants (Zeigler and Liller, who are no longer State of Maryland employees) remained outstanding. ECF No. 183. The State explained that it would continue to supplement its responses and production. *Id.* at 1.

I held another telephone conference on June 23, 2022. ECF No. 184. During the call, Plaintiff's counsel stated that the State had fallen short of its obligations once again, and that its discovery production to that date remained substantially incomplete. The State insisted that it was doing its best. I ordered the parties to meet and confer to address any deficiencies in the discovery production, as these alleged deficiencies were too numerous to address during the telephone conference. ECF No. 185. I also ordered the parties to file a joint status report itemizing any disputes that remained after their conference, and providing each party's position on each individual dispute. *Id.* Finally, I instructed Plaintiff that if she believed sanctions were warranted, she could file a letter requesting leave to file a motion for sanctions. *Id.*

The parties filed a joint status report on July 14, 2022. ECF No. 187. Over the course of about 15 pages, Plaintiff provided a comprehensive statement about each remaining discovery deficiency. *Id.* Plaintiff summarized her position as follows:

> [C]ritical aspects of the discovery served by Plaintiff remains outstanding, despite all the prior Court orders and warnings regarding sanctions. Clearly, the Defendants and DPSCS have not invested the resources necessary to comply with their discovery obligations as critical information and documents have not yet been produced. Plaintiff files this status report as to the most critical discovery failures that remain outstanding in order to demonstrate to the Court that the Defendants and DPSCS have not complied with their discovery obligations.

*Id.* at 2. For its part, the State wrote:

> Counsel for the State Defendants reiterate that responsive documents were provided on May 19, 2022, pursuant to the Court's Order (ECF 179).
>
> Significantly during the Meet and Confer on July 12, 2022, Plaintiff's counsel acknowledged that they had not finished reviewing all of the State Defendants'

4

> document productions. As such, the State Defendants believe many of the Plaintiff's assertions are premature.
>
> The State Defendants continue to vigorously work to address the agreed upon the alleged deficiencies as stated by Plaintiff above.

*Id.* at 16.

Plaintiff filed a letter requesting leave to file a motion for sanctions contemporaneous with the July 14 joint status report. ECF No. 188. She explained why she believes she is entitled to sanctions:

> [C]ritical aspects of the discovery served by Plaintiff remains outstanding, despite all the prior court orders and warnings regarding sanctions. The issue is one of a wholesale failure of discovery. This is not a case of disagreements among counsel as to the scope of discovery or the sufficiency of responses. Rather, there is an acknowledged failure on the part of DPSCS and the Defendants to provide the most basic discovery. Clearly, the Defendants and DPSCS have not invested the resources necessary to comply with their discovery obligations as critical information and documents have not yet been produced.

*Id.* at 3. The Court granted Plaintiff leave to file the proposed motion for sanctions. ECF No. 189. That Motion (ECF No. 191) is now ripe for decision.

**II.     Discussion**

    **A.     Legal Standard**

If a party violates an order compelling the production of discovery, Rule 37(b)(2) empowers the Court to issue further orders sanctioning the party, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In determining an appropriate sanction, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.*; *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The most serious sanctions of dismissal and default judgment are reserved for "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Anderson*, 155 F.3d at 505 (describing default judgment as "a last-resort sanction"). Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a "clear and explicit" warning of the possibility of such a sanction to the noncompliant party. *DeLoatch v. Baywood Hotels, Inc.*, No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020) (citing *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019)).

**B.  DPSCS Violation of Court Orders**

The Court will first consider whether any order regarding the production of discovery has been violated. Two Court orders are at issue. First, Judge Hazel ordered DPSCS to complete its production in response to the subpoena by December 22, 2021. ECF No. 153. Second, I ordered the State (including both DPSCS and the Defendants) to produce all outstanding discovery—related to the subpoena and to written discovery requests propounded by Plaintiff—by May 20, 2022. ECF No. 179.

I find that DPSCS and the State Defendants violated both orders. Both orders were clear: the State was required to produce complete responses to the outstanding subpoena and discovery requests by December 22, 2021, and May 20, 2022, respectively. By the State's own admission, it did not complete its discovery production by these deadlines. And notably, the State never moved to modify the production deadline of either order. Instead, the State presented after-the-fact justifications for why it failed to complete its discovery production as ordered by the Court.

### C.  Consequences for DPSCS's Violation of the Court's Orders

Although DPSCS did not comply with the Court's orders to produce its response to the subpoena by December 21, 2021 (ECF No. 153) and May 20, 2022 (ECF No. 179), the Court finds that no sanctions are warranted.

#### 1.  DPSCS's Efforts to Comply with the Court Orders

DPSCS explains its response to the subpoena through declarations submitted by its current and former attorneys, Damon Pace and Ari Kodeck. ECF Nos. 195-1 & 195-2. DPSCS received the subpoena on October 20, 2021. ECF No. 195-1 at 2. Less than a week later, its counsel "contacted the IT department of DPSCS to ascertain the existence, location, volume, and format of the requested information." ECF No. 195-2 at 1. DPSCS forwarded a list of 40 custodians to its information technology department, with a request that emails and documents be retrieved from DPSCS's file system for the period of April 1, 2014, through the date of the request. ECF No. 195-1 at 2. DPSCS also relayed the search terms to the team responsible for conducting server searches. *Id.*

At the same time, DPSCS moved to quash the subpoena as overly broad and burdensome. ECF No. 195-2 at 2. Its motion was denied. *Id.* DPSCS conferred with Plaintiff's counsel to narrow the ESI requests and search terms, and to request additional time to respond to the subpoena. *Id.*

7

Plaintiff consented to an additional 3 weeks, which DPSCS's counsel "believed was a deadline that could be met." *Id.*

DPSCS determined that it needed to convert the 40 custodians' emails from encrypted, non-searchable documents to unencrypted searchable documents. *Id.* It began doing so in mid-December. *Id.* This process continued for four months, with the downloads running nonstop, 24 hours a day, 7 days a week. *Id.*; ECF No. 195-2 at 3. In some instances, corrupted data required a new production and download. *Id.* The process took so long "due to the sheer amount of data that was requested." *Id.*

DPSCS contracted with Nextpoint, an e-discovery platform, to process the large amount of data. *Id.* The Nextpoint contract was approved in mid-February 2022. *Id.* The process of uploading the data to Nextpoint's system began on February 15, 2022 and continued through July 7, 2022. ECF No. 195-2 at 3. Once that was completed, the search terms were run against the data, and the documents retrieved were reviewed, then Bates stamped, and marked with confidentiality designations where appropriate. *Id.* DPSCS describes Nextpoint's processing as "slow and cumbersome at best," and notes that Nextpoint "had an issue producing .zip files that could be reviewed by Plaintiff's counsel" until "a work-around was devised." *Id.* at 3. Ultimately, Nextpoint sorted through 2.5 million documents and emails "that averaged 10-20 pages apiece." *Id.*

DPSCS began producing documents in response to the subpoena on December 3, 2021. *Id.* In December 2021, DPSCS produced a little more than 500 pages of responsive documents. *Id.* In addition to its production through Nextpoint, and because there is "no single person in DPSCS who acts as a clearinghouse," DPSCS also coordinated with "over a dozen people within DPSCS to determine the existence, location, size, and availability" of another 22 categories of documents. ECF No. 195-2 at 2. DPSCS contacted the following groups of people to request that they search

8

for responsive documents: the Maryland Police and Correctional Training Commission, DPSCS's Human Resources department, DPSCS's Intelligence and Investigative Division, each of the Defendants, Wardens' secretaries, case managers at NBCI, RCI, ECI, BCCC, and BCBIC, DPSCS's medical director offices, and DPSCS's office of police and regulation. ECF No. 195-2 at 2-3.

DPSCS has summarized the stages of its ESI production at ECF No. 195-2 at 4-5. A review of this information indicates that most categories of information had been produced to Plaintiff before May 20, 2022. Only a handful of documents responsive to the subpoena were produced after this date: (1) IID Case Histories, Corizon Contract PDF; Donivan IID History (produced May 27, 2022); (2) Copy of Canter Zipped Files; Canter Final Privilege Log (produced June 23, 2022), and; (3) IID Cases (produced July 18, 2022).[2]

## 2. Contempt Sanctions are Unwarranted

The Court finds that contempt sanctions are not warranted against DPSCS. First, sanctions under Rule 45 are not warranted because DPSCS has substantially complied with the Court's orders, even though its compliance is late. Even assuming that DPSCS does not have a defense to the charge of contempt,[3] imposing contempt sanctions would not be warranted because no sanctions are likely to coerce DPSCS into compliance with the Court's orders; DPSCS has largely

---

[2] DPSCS states that a "production issue involving zip folders attached to produced emails" came to its attention in May 2022. ECF No. 195-2 at 6. DPSCS took steps to create a solution for this problem and ended up re-producing some ESI to Plaintiff. *Id.*

[3] The Court need not reach this issue, but DPSCS probably has a defense to the charge of contempt. It appears that DPSCS made significant efforts to respond to the subpoena and comply with the Court's orders. Although its response was somewhat clumsy and belated, perhaps owing in part to the vendor DPSCS contracted with to process its data, the Court would not be inclined to find that DPSCS acted in contempt of the Court's orders. Still, the Court is puzzled by DPSCS's failure to seek additional time to comply with the Court's orders, especially in light of the technical challenges DPSCS confronted in producing the requested information.

complied with them already. What remains are Plaintiff's concerns about the sufficiency of DPSCS's production (for instance, its privilege log, the format of ESI, and discrete items missing from DPSCS's production that DPSCS has now agreed to locate and produce, *see* ECF No. 199 at 12-14). Contempt sanctions are also not warranted to compensate Plaintiff for any losses with respect to the subpoena. Although DPSCS's response to the subpoena was untimely, and although DPSCS directly violated two Court orders, it appears that DPSCS (1) had a good faith inability to comply with the production deadlines of the Court's orders, and (2) produced its response to the subpoena as soon as it could do so.

Second, sanctions under Rule 37(b) are unavailable against DPSCS because such sanctions are limited to parties and their officers, directors, managing agent, and corporate designees.[4] Fed. R. Civ. P. 37(b)(2)(A). And the Court cannot sanction the Defendants for the failure of DPSCS to comply with the Court's orders. Although the Defendants have had their own problems with complying with the Court's discovery orders and the rules of discovery, there is no indication that the Defendants in any way influenced DPSCS's late response to the subpoena and violation of the Court's orders.

### D. Defendants' Violation of Court Order

Between January 27 and February 22, 2022, Plaintiff propounded interrogatories and document production requests on all of the Defendants. *See* ECF No. 191-1 at 6. None of the Defendants produced timely responses. *Id.* at 6-8. The Defendants have not shown good cause for failing to produce timely discovery responses.[5] *See* ECF No. 195 at 25-27 (arguing that the

---

[4] Although the Court declines to do so, the Court believes that it maintains the inherent authority to issue appropriate orders to sanction DPSCS for its violation of the Court's orders, even outside of the Court's authority under Rule 45.

[5] By failing to produce timely responses to the discovery requests without good cause, the Defendants have waived their right to withhold discovery on the basis of any objection. *See Quan*

Defendants should not be sanctioned for their discovery failures because Plaintiff has not been prejudiced, but failing to provide any justification for the failures).

As stated above, on April 20, 2022, the Court ordered the Defendants to produce all outstanding discovery (related to written discovery requests propounded by Plaintiff then overdue) by May 20, 2022. ECF No. 179. This was an order compelling the production of discovery under Rule 37(a). Each of the Defendants is represented by counsel and was therefore aware of the Court's Order.

According to the information supplied in the status report submitted by the Defendants on May 27, 2022, all but four of the Defendants produced their responses to Plaintiff's interrogatories and document production requests, as directed in the Court's April 20 Order. ECF No. 183. Two Defendants (Zeigler and Liller) violated the Court's Order. *Id.* at 1. And counsel for the Defendants had failed to identify two others (Thompson and Barnes), interfering with the ability of these Defendants to comply with the Court's Order. *Id.*

Unfortunately, the information that Plaintiff supplied in her status report largely contradicted the Defendants' report. ECF No. 182. The Court summarizes Plaintiff's statement about the timing of the Defendants' discovery production below, which specifies that Defendants Baucom, Barnes, Liller, Murphy, Thompson, Weber, and Zeigler violated the Court's order by failing to produce their discovery responses by May 20, 2022:

| Defendant | Interrogatories | Document Requests |
|---|---|---|
| Baucom | Produced 3/25/22 | **Not produced** |
| Barnes | (No information) | **Not produced** |
| Beitzel | Produced on 3/25/22 | Produced 5/19/22 |
| Bittinger | (No information) | Produced 5/19/22 |
| Faust | (No information) | Produced 5/19/22 |

---

*v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2020 WL 9349573, at *1 (D. Md. Nov. 25, 2020) (explaining that a failure to timely raise objections under Rules 33 and 34 amounts to a waiver of those objections unless the failure is excused by good cause, and collecting cases).

11

| Graham | Produced 5/19/22 | Produced 5/19/22 |
| Liller | **Not produced** | **Not produced** |
| Murphy | Produced 3/25/22 | **Not produced** |
| Nero | Produced 4/7/22 | Produced 5/19/22 |
| Nines | (No information) | Produced 5/19/22 |
| Thompson | **Not produced** | **Not produced** |
| Weber | (No information) | **Not produced** |
| Zeigler | Produced 4/5/22 | **Not produced** |

*See* ECF No. 182 at 6-11.[6]

The Status Report filed July 14, 2022, says more about the Defendants' discovery responses. ECF No. 187. According to this report:

- Defendant Liller produced interrogatory responses on May 27, 2022[7];

- Defendants Thompson and Barnes were identified and were preparing responses; and

- Defendant Zeigler produced responses to Plaintiff's document production requests on May 27, 2022, the responses were not received by Plaintiff; he was supposed to reserve them on Plaintiff's counsel, but as of July 13, 2022, he had not done so.

Plaintiff's Motion provides some other information on the timing of the Defendants discovery responses. ECF No. 191-2. According to this submission, the following Defendants served their responses to Plaintiff's document requests on the date indicated: Baucom (May 18, 2022); Liller (May 27, 2022); Murphy (May 19, 2022); Thompson (July 11, 2022); and Zeigler (July 22, 2022).

Finally, according to Plaintiff's reply brief, the outstanding discovery responses from Defendants Thompson and Barnes were served on July 11 and 18, 2022, and the outstanding responses from Defendant Zeigler were served on July 22, 2022. ECF No. 199 at 13-14.

---

[6] Plaintiff's status report also noted her belief that the Defendant's responses, where they were produced, were deficient.

[7] Elsewhere, it appears that Defendant Liller signed his interrogatory responses on June 7, 2022. ECF No. 191-31.

Putting all of this together, the Court finds that the following Defendants violated the Court's Order directing that all responses to outstanding interrogatory and document requests be produced by May 20, 2022: Defendants Barnes, Liller, Thompson, and Zeigler. Each of these Defendants served discovery responses after the deadline set by the Court. For two of them, the fault appears to lie with counsel: Defendants Barnes and Thompson were not identified by counsel until after the May 20, 2022, deadline had passed. They served their responses by mid-July 2022. And the other two, Defendants Liller and Zeigler, apparently served responses soon after the May 20 deadline (Liller's responses were served on May 27, 2022, and Zeigler's responses were served—unsuccessfully—on on May 27, 2022, and successfully on July 22, 2022).

### E.     Appropriate Sanctions

The next issue is to determine what sanctions, if any, should be imposed against the noncompliant Defendants. The Court begins with what is obvious: any violation of this Court's orders is serious because it challenges the authority of the Court. As the parties must be aware, the Court relies on the attorneys and parties that appear before it to follow its orders. The Court does not have a mechanism of enforcing its orders outside the parties' voluntary compliance and the Court's ability to issue further orders; there is no third party readily available to police the parties to make sure that the Court's orders are obeyed, or to force them into compliance. For this reason, when a party violates the Court's orders, the Court routinely imposes sanctions against the noncompliant party. When sanctions are ineffective or unavailable, the Court looks to contempt remedies, including the imposition of fines or the incarceration of parties, to enforce its orders. And sometimes, a party's violation of a court order may be so egregious as to warrant a referral to the United States Attorney's Office for criminal contempt.

The Court declines to impose any sanctions against Defendants Barnes, Liller, Thompson, or Zeigler. The purpose of the Court's April 20 Order, as stated during the telephone conference and as stated in the Order itself, was to compel the Defendants to produce their outstanding responses to Plaintiff's interrogatories and document production requests after they had failed to do so. Defendants Liller and Zeigler violated this Order, but they only did so by serving responses 7 days late.[8] And Defendants Barnes and Thompson were presumably unaware of the discovery requests until their counsel notified them in July 2022, at which time they promptly supplied responses.

The Court does not find Defendants' conduct egregious enough to warrant any of the sanctions listed in Rule 37(b)(2)(A). In particular, the Court rejects Plaintiff's argument that a technical violation of the Court's April 20 Order, which caused no discernable prejudice to Plaintiff other than a slight delay in her receipt of discovery responses (the value of which is questionable given how deficient Plaintiff believes the responses to be) warrants imposing default judgment. Along with the lack of prejudice to Plaintiff, there is no sign that Defendants acted in bad faith or that the imposition of sanctions would result in any meaningful specific or general deterrence of this type of violation of the Court's orders in the future.

A closer question is whether to impose attorney's fees on the Defendants. Under Rule 37(a)(5), a party ordered to produce discovery in connection with a motion to compel, or a party that produces discovery after a motion to compel is filed, is generally required to pay the reasonable expenses incurred by the party that made the motion, including attorney's fees. Rule 37(b)(2)(C) contains a similar provision for when a party violates an order compelling the

---

[8] The Court accepts the Defendants' representation that an attempt to produce Defendant Zeigler's responses was made on May 27, 2022, but the responses were not successfully served until July 22, 2022.

production of discovery. In any such case, the party in violation of the order will generally have to pay the other side's reasonable expenses incurred in connection with the violation, unless the violation was substantially justified or other circumstances would make an award of expenses unjust. Finally, Rule 37(d) allows a party to recover reasonable expenses incurred in connection with a motion for sanctions against a party that completely fails to respond to interrogatories or document production requests.

In the Joint Status Report filed on April 1, 2022, the parties reported on the status of discovery disputes pending at that time. ECF No. 177. The report was chiefly concerned with DPSCS's failure to respond to the subpoena. *Id.* at 1-3. The report also mentioned two disputes that were not pending before the Court, but that Plaintiff anticipated would eventually need the Court's attention: (1) Defendants' failure to respond to Plaintiff's interrogatories, and (2) Defendants' failure to respond to Plaintiff's document production requests. *Id.* at 3-4.

During the telephone conference held on April 20, 2022, the main topic of discussion was determining a date by which DPSCS could commit to responding to the subpoena. Ultimately, with Defendants' consent, the Court set a deadline of May 20, 2022, for the response. Plaintiff also mentioned the outstanding interrogatories and document requests, and counsel for Defendants agreed that these responses could also be produced by that date. The Court ordered Defendants to do so. ECF No. 179. As explained above, not all of the Defendants complied with the Court's order.

Still, an award of expenses is not warranted under any of the expense-shifting provisions of Rule 37 because there are circumstances present that would make an award of expenses unjust. Plaintiff's counsel has spent considerable time pursuing discovery from DPSCS and the Defendants. And although counsel is handling this case on a pro bono basis (and therefore

15

counsel's expenses are not passed on to Plaintiff), counsel have likely incurred considerable expenses in connection with their discovery efforts. But the Court must focus on what is at issue here: the efforts Plaintiff took to get Defendants to respond to the interrogatories and document requests overdue at the time of the April 20, 2022, telephone conference. Any time spent on such tasks must have been minimal. The portion of the status report dedicated to this issue was a little over one page long, and half of it was drafted by Defendants. The status report mentions that Plaintiff's counsel conferred with defense counsel but the conference was limited to determining when Defendants would respond to Plaintiff's discovery requests. And there's no sign that Plaintiff drafted any deficiency letters regarding Defendants that had completely failed to respond to interrogatories and document requests.[9] The Court will not permit another round of briefing on what expenses Plaintiff may be entitled to when such expenses are likely to be so minimal, especially when Defendants' violations of the April 20 Order are so slight.

The Court does not make light of Defendants' discovery failures: they should have responded to the interrogatories and document requests on time, and they should have complied with the Court's order directing that any responses by produced by May 20, 2022. But the Court does not believe that sanctions should be sought or awarded as a matter of course, *see* Loc. R. 105.8. The only conduct before the Court that might technically warrant sanctions is Defendants' failure to timely produce responses to interrogatories and document requests, and Defendants' ultimate failure to produce them by May 20, 2022. As explained below, the adequacy of the responses that Defendants have produced is not before the Court. For these reasons, Plaintiff's request for an award of expenses under Rule 37 will be denied.

---

[9] The deficiency letters concerning Defendant Baucom and Defendant Beitzel's interrogatory responses concern the adequacy of the Defendants' responses (an issue not presently before the Court), not outright failures to respond. ECF Nos. 191-38 & 191-39.

Plaintiff also seeks an award of expenses against Defendants' counsel as a sanction for Defendants' conduct during this litigation, which Plaintiff argues is in violation of Rule 26(g)'s certification requirement. Plaintiff argues that Defendants' counsel (1) failed to sign Defendants' discovery responses, as required by Rule 26(g) and Rule 33(b)(5); (2) failed to promptly correct the failure to sign; (3) failed to make a reasonable inquiry before certifying the responses, and; (4) failed to investigate Plaintiff's claims. The Court declines to impose sanctions against counsel. First, although it is not a prerequisite to imposing sanctions under Rule 26(g), there is no indication that Defendants' counsel tried to get Defendants to produce false or misleading discovery disclosures. And there is no indication that Plaintiff has been misled by any of Defendants' discovery responses (instead, she has been understandably frustrated: she knows that Defendants' responses are incomplete and at times inaccurate, and she has been unable to convince Defendants to promptly correct—or even discuss—these deficiencies).

Plaintiff also seeks sanctions against counsel for failing to make the mandatory disclosures required by Rule 26(a)(1). In almost every case before this Court in which a standard scheduling order is issued, the order states that "[t]his is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made." In this case, the parties proposed a scheduling order that contained the standard deadlines but did not contain the other usual language of the Court's standard scheduling order. Thus, this case was not exempted from Rule 26(a)(1)'s initial disclosure requirements. Plaintiff argues that Defendants failed to make time Rule 26(a)(1) disclosures, and posed boilerplate and improper objections to discovery requests that sought the same information. Again, the Court declines to impose sanctions for this conduct, particularly against counsel. The Court's April 20 Order was not concerned with Defendant's' Rule 26(a)(1) disclosures or the propriety of any objections that Defendants made to Plaintiff's discovery requests.

17

**F.     Sanctions for Deficient Discovery Responses**

The Court declines to entertain Plaintiff's Motion to the extent it concerns deficiencies in Defendants' discovery responses. First, Plaintiff did not seek leave of Court to file a motion for sanctions on this basis and leave of Court is required for any motion related to discovery. *See* ECF No. 176. Plaintiff's letter requesting permission to move for sanctions (ECF No. 188) concerned DPSCS's failure to produce its response to the subpoena, as required by the Court's April 20 Order, and other "overdue discovery requests." ECF No. 188 at 3 ("This is not a case of disagreements among counsel as to the scope of discovery or the sufficiency of responses.")

Second, where responses to interrogatories and document requests have been served, Plaintiff must obtain an order granting a motion to compel before moving for sanctions for deficient responses. *See* Fed. R. Civ. P. 37(b)(1). In most cases, Local Rules 104.7 and 104.8 set the procedure for filing a motion to compel. In this case, to conserve the resources of the parties (as well as the Court's resources, considering the extensive discovery disputes that have arisen here), the Court has established an abbreviated process by which any party may seek leave of Court to file a discovery motion, without resorting to the time-consuming briefing and meet-and-confer process under the Local Rules. ECF No. 176. If Plaintiff wishes to seek leave of Court to move to compel Defendants to supplement their discovery responses, she may follow the procedure set forth in ECF No. 176. But she may not skip a step and seek sanctions before an order granting a motion to compel has been granted.[10]

---

[10] Likewise, the Court has no basis to impose sanctions under Rule 37(b)(2) unless a party has actually violated an order compelling discovery to be produced.

G. **Request for Leave to Supplement**

Plaintiff requests leave to supplement her Motion with more information about DPSCS's production in connection with the subpoena. ECF No. 201. According to Plaintiff, DPSCS's production violates the ESI Order in this case (ECF No. 166), and DPSCS has expressed an intention to re-produce discovery that Plaintiff has already reviewed, but with new Bates numbers. This would frustrate Plaintiff's discovery efforts and could require her counsel to duplicate their previous efforts reviewing discovery. Plaintiff suggests that DPSCS's proposed reproduction "is an admission that their original productions did not comply with the Federal Rules or ESI Order." ECF No. 201 at 3. On a more practical note, Plaintiffs explain that "[i]f the massive reproduction is countenanced, all of [Plaintiff's pro bono counsel and pro bono eDiscovery analysts'] work would be for nothing," and that a new production would likely double the hosting cost of DPSCS's ESI productions. Plaintiff requests "the Court order DPSCS to reevaluate whether any other options exist for correcting the issues identified rather than completely re-starting the document production and review process from scratch." *Id.* at 3.

The Court will grant Plaintiff's request for leave to file the document at ECF No. 201. The Court will also grant Plaintiff's request for an order requiring DPSCS to evaluate and explain other options for correcting the issues with the ESI that has been produced. DPSCS shall file a statement in this regard by **October 14, 2022** (as outlined below). This statement must be thorough and specific; an assurance that "the State continues to do its best" will not suffice. The Court declines to impose sanctions based on any of the information contained in Plaintiff's supplement (ECF No. 201).

**III.    Conclusion**

When this case was first referred to me, it appeared that DPSCS, represented by the same counsel as the Defendants, had produced no response to the subpoena issued to DPSCS, in violation of its agreement to do so and this Court's order. It also appeared that many Defendants had outright failed to respond to interrogatories and document production requests. I ordered DPSCS and the Defendants to produce their discovery responses by May 20, 2022, or face the sanction of default judgment against the Defendants. Because DPSCS and the Defendants largely complied with the Court's order, and for the reasons set forth above, the Court concludes that sanctions are not warranted. Plaintiff's Motion (ECF No. 191) is **DENIED**.

DPSCS is **ORDERED** to file a response to Plaintiff's supplement regarding ESI production (ECF No. 201) by **October 14, 2022**. In that response, DPSCS shall (1) state what steps DPSCS has taken since Plaintiff's supplement as filed on September 9, 2022, and (2) explain what options exist to correct the ESI deficiencies identified by the parties other than the wholesale reproduction of ESI produced to date. Upon receipt of DPSCS's response, the Court will provide a deadline by which Plaintiff may respond to DPSCS's submission.

Date: October 7, 2022                                    /s/
                                                         Timothy J. Sullivan
                                                         United States Magistrate Judge